UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLOBAL OIL TOOLS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1507** |
| **WILFRED J BARNHILL, ET AL.** | **SECTION: "J" (4)** |

## ORDER

Before the Court is Defendants, Wilfred J. Barnhill, ("Wilfred"), Brian A. Barnhill, ("Brian") Diane Barnhill, ("Diane") and Barnhill Industries, Inc.'s, (collectively, the "Barnhills") **Motion to Quash Subpoena Duces Tecum (R. Doc. 46)**, seeking an order quashing the subpoena propounded by Global Oil on third parties, AT&T Corp., ("AT&T") and Yahoo!, Inc., ("Yahoo!") seeking production of certain financial and business records from Wilfred, Diane, Brian, and Barnhill Industries, Inc. The motion is opposed. (R. Doc. 63). The motion was heard by oral argument on October 3, 2012.

### I.   Background

This is a suit brought under The Racketeer Influence and Corrupt Organizations Act (18 U.S.C. § 1962) ("RICO"), the Lanham Act, 15 U.S.C. § 1125 ("Lanham Act"), as well as Louisiana law. (R. Doc. 1, p. 1). Global Oil alleges that it manufactures wireline tools and downhole flow control systems for the oil and gas industry. In 2007, Grifco sold Global Oil to Lyamec Corporation

("Lyamec."), and Wilfred, then the President of Global Oil, allegedly put in a request for additional administrative staff, and hired his wife, Diane, for the role. *Id* at 5. He then allegedly hired his son, Brian, to be Global Oil's Vice President, Financial Officer, and Treasurer, at which point Brian became responsible for all financial reporting, payroll, purchasing, tracking physical inventory, signing checks, signing of corporate tax returns, hiring, and marketing. *Id.*

According to the complaint, after several years of declining profits, Wilfred and Diane resigned on January 11, 2012, and Brian resigned on February 22, 2012. *Id.* at 6-7. Around this time, other Global Oil employees began to inform the new management about widespread corrupt and fraudulent behavior of the defendants. *Id.* at 6. Global Oil alleges that it began an investigation which later revealed that the Barnhills: (1) established competing companies, (2) unlawfully offered discounts to entities owned by Wilfred, (3) stole business opportunities and customers, (4) used Global Oil's funds to pay competing businesses' expenses, and (5) stole Global Oil's labor, inventory, tools, and intellectual property. *See id.* at pp. 7-22.

On August 3, 2012 counsel for Global Oil issued a subpoena to Yahoo!, seeking production of all emails to or from email addresses and [ginttools@yahoo.com](mailto:ginttools@yahoo.com). On August 23, 2012, counsel for Global Oil issued a subpoena to AT&T, seeking production of all emails from the [wirelinetools@att.net](mailto:wirelinetools@att.net) address, regardless of whether they were archived, deleted, or active. Additionally the request sought all documents pertaining to or relating to the formation, creation or opening of the [wirelinetools@att.net](mailto:wirelinetools@att.net) email address.

## II.   **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule

26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* At 45(c)(1). A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(c)(3)(A). A court may, in lieu of the above, "order appearance or

production under specified conditions if the serving party (I) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

### III. <u>Analysis</u>

The Barnhills contend that Global Oil's subpoenas are overly broad and improperly request confidential and irrelevant records of a competitor. The Barnhills contend that these subpoenas are an attempt to obtain a competitive advantage over its competitor by gaining access to Barnhill Industries' confidential business information. The Barnhills contend that Global Oil has not made an attempt to tailor its requests to avoid unnecessary disclosure as the subpoenas are not limited by date or subject matter.

Global Oil in response contends that the Barnhills' motion is untimely and that their argument regarding the meritless nature of the subpoena is incorrect. Global Oil contends that the subpoenas are specific and sufficiently limited in time and scope and seek relevant information. Finally, Global Oil contends that it has a substantial need for the documents, and as such the motion to quash should be denied.

Under Rule 45(c)(3)(A), a party must object to a subpoena withing fourteen days of its service. *Id.* "However, in certain circumstances, and for good cause, the failure of a nonparty to act timely will not bar consideration of objections to a Rule 45 subpoena." *Piazza's Seafood World, L.L.C. v. Odom*, 2011 WL 3664437, at *3 (M.D. La. Aug. 19, 2011). Such circumstances include those where a subpoena is overbroad on its face. *Id.* Moreover, Courts which deem untimely objections to be waived have subsequently limited the scope of the subpoena when the original request would pose an undue burden on the responding party. *See Duplantier v. Bisso Marine Co.*,

4

*Inc.*, No. 09-8066, 2011 WL 2600995, at *3 (E.D. La. June 30, 2011) (Roby, M.J.) (finding that unduly burdensome request could be limited based on consideration of parties' positions at oral argument).

Courts in this district have struck subpoenas as overly broad when the dates of information requested in those subpoenas fall outside the relevant period of a suit. *See Southern United States Trade Ass'n v. Guddh*, 2012 WL 5199706, at *4-*5 (E.D. La. Oct. 19, 2012) (Roby, M.J.) (striking subpoena for, *inter alia*, phone records as overbroad where subpoena requested records from January 1, 2008, and allegations in suit dated to April 28, 2010, because "there was no that the subpoenas directed towards Guddh were tailored to Plaintiffs' claims in the instant suit.").

In considering the subpoenas, the court finds that they are both overly broad. According to the argument of Global Oil, the problem began in 2008 and yet the subpoena is non restrictive. Global mistakenly does not attempt to limit the scope of the AT&T subpoena solely because it believes that the alleged fraud and unlawful competition is continuous and therefore the subpoena should be open ended. It suggests that only the defendants have knowledge of the length of time this email address has be operational.

Global Oil further suggests that the Yahoo! subpoena is limited to essentially a two year period because the companies name was not registered until May 2010. However, there is no such time limit referenced in the subpoena. The Court finds that they are overly broad. The Court therefore finds that the Motion to Quash the subpoenas propounded by Global Oil on third parties Yahoo! and AT&T, seeking production of financial and business records from Wilfred, Diane, Brian, and Barnhill Industries, Inc., is **GRANTED**.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendants, Wilfred J. Barnhill, ("Wilfred"), Brian A. Barnhill, ("Brian") Diane Barnhill, ("Diane") and Barnhill Industries, Inc.'s, (collectively, the "Barnhills") **Motion to Quash Subpoena Duces Tecum (R. Doc. 46) is GRANTED**.

New Orleans, Louisiana, this 30th day of November 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**